UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RONALD D. COWAN, II :
226 W Richardson Avenue :
Langhorne, PA 19047 :
  :
                    Plaintiff(s) :
  : **CIVIL CASE NO. 2:13-cv-00042-NS**
vs. :
  :
LA FITNESS INTERNATIONAL, LLC :
701 Cathedral Road :
Philadelphia, PA 19128 :
  :
                    Defendant(s) :

**DEFENDANT FITNESS INTERNATIONAL, LLC (FORMERLY KNOWN AS LA FITNESS INTERNATIONAL, LLC) AND LA FITNESS SPORTS CLUB'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND**

Defendant, Fitness International, LLC (formerly known as "LA Fitness International, LLC") by and through its counsel, Briggs Law Office, LLC, hereby respectfully responds to Plaintiff's Complaint as follows:

1. Denied. Answering Defendant does not possess sufficient information to admit or deny the allegations contained within said paragraph. Strict proof is otherwise demanded at the time of trial.

2. Denied as stated. Defendant, Fitness International, LLC, formerly known as "LA Fitness International, LLC" is a business entity and does have a location at the above-stated address. The remaining allegations are denied as conclusions of law.

3. Denied as a conclusion of law for which no response is required.

4. Denied as a conclusion of law for which no response is required. To the extent the allegations contained within this paragraph are deemed other than

conclusions of law, the allegations of said paragraph are denied because after reasonable investigation, Answering Defendant does not possess sufficient information to admit or deny the allegations contained within said paragraph.  Strict proof is otherwise demanded at the time of trial.

     5.     Denied as a conclusion of law.

     6.     Denied as a conclusion of law.

     7.     Denied as a conclusion of law.

     8.     (a-j) Denied as a conclusion of law for which no response is required. To the extent that the allegations contained within this paragraph are deemed other than conclusions of law, it is denied that Answering Defendant acted in a negligent, careless and/or reckless manner. On the contrary, Answering Defendant acted in a reasonably prudent manner, and with all due care, under the circumstances.

     9.     Denied as a conclusion of law for which no response is required. To the extent that the allegations contained within this paragraph are deemed other than conclusions of law, it is denied that Answering Defendant acted in a negligent, careless and/or reckless manner.  On the contrary, Answering Defendants acted in a reasonably prudent manner, and with all due care, under the circumstances. The remaining allegations are denied because after reasonable investigation, Answering Defendant does not possess sufficient information to admit or deny the allegations contained within said paragraph.  Strict proof is otherwise demanded at the time of trial.

     10.     Denied as a conclusion of law for which no response is required. To the extent that the allegations contained within this paragraph are deemed other than conclusions of law, it is denied that Answering Defendant acted in a negligent, careless and/or reckless manner.  On the contrary, Answering Defendants acted in a

reasonably prudent manner, and with all due care, under the circumstances. The remaining allegations are denied because after reasonable investigation, Answering Defendant does not possess sufficient information to admit or deny the allegations contained within said paragraph.  Strict proof is otherwise demanded at the time of trial.

       11.    Denied as a conclusion of law for which no response is required. To the extent that the allegations contained within this paragraph are deemed other than conclusions of law, it is denied that Answering Defendant acted in a negligent, careless and/or reckless manner.  On the contrary, Answering Defendants acted in a reasonably prudent manner, and with all due care, under the circumstances. The remaining allegations are denied because after reasonable investigation, Answering Defendant does not possess sufficient information to admit or deny the allegations contained within said paragraph.  Strict proof is otherwise demanded at the time of trial.

       12.    Denied as a conclusion of law for which no response is required. To the extent that the allegations contained within this paragraph are deemed other than conclusions of law, it is denied that Answering Defendant acted in a negligent, careless and/or reckless manner.  On the contrary, Answering Defendants acted in a reasonably prudent manner, and with all due care, under the circumstances. The remaining allegations are denied because after reasonable investigation, Answering Defendant does not possess sufficient information to admit or deny the allegations contained within said paragraph.  Strict proof is otherwise demanded at the time of trial.

WHEREFORE, Defendant Fitness International, LLC (formerly known as "LA Fitness International, LLC") demands judgment in its favor, and against the Plaintiff, Ronald D. Cowan, II, along with costs of this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred by the applicable Statute of Limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's injuries were caused in whole or in part by individuals and/or entities which the Answering Defendants had no control over, and/or right to control.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred and/or limited by the Pennsylvania Comparative Negligence Act, 42 Pa. C. S.A. §7102 et seq.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred by the Doctrine of Assumption of Risk.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred by the terms of the validly-executed membership Agreement.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred and/or limited by the exculpatory clause found within the Plaintiff's membership Agreement executed with the Answering Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

Fitness International, LLC is the successor-in-interest to LA Fitness International, LLC.

### NINTH AFFIRMATIVE DEFENSE

Answering Defendants owed no duty to the Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff was a trespasser at the time of the incident.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries were not caused by the allegations contained within the Plaintiff's Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

Answering Defendants owed no duty to the Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

There was no defective or dangerous condition contained on the Answering Defendants' premises.

### FOURTEENTH AFFIRMATIVE DEFENSE

The alleged dangerous and defective condition was de minimis in nature.

### FIFTEENTH AFFIRMATIVE DEFENSE

The alleged dangerous and defective condition was open and obvious.

### SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendant had no notice of the alleged dangerous condition upon its premises.

WHEREFORE, Defendant Fitness International, LLC (formerly known as "LA Fitness International, LLC") demands judgment in its favor and against the Plaintiff Ronald D. Cowan, II, along with costs of this action.

## JURY DEMAND

Defendant Fitness International, LLC (formerly known as "LA Fitness International, LLC") hereby demands a jury trial on all the issues raised in this action.

**BRIGGS LAW OFFICE, LLC**

Date:  January 8, 2013          By:     */s/ Norman W. Briggs*
**NORMAN W. BRIGGS, ESQUIRE**
Attorney ID No. 60940
Attorneys for Defendant Fitness International, LLC (formerly known as "LA Fitness International, LLC")
400 Market Street, Suite 730
Philadelphia, PA  19106
Phone:  (215) 925-4632
Fax:  (215) 925-1611
e-mail: nbriggs@thebriggslaw.com